**LI JUN SONG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73116.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2008.

Filed May 16, 2008.

Li Jun Song, pro se.

Willie M. Jordan–Curtis, The University of Arizona James E. Rogers College of Law, Tucson, AZ, for Petitioner.

Jamie M. Dowd, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Thomas H. Dupree, Jr., DOJ–U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN, W. FLETCHER, and GOULD, Circuit Judges.

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM *

Li Jun Song, a native and citizen of China, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), which affirmed without opinion the adverse credibility determination of the Immigration Judge ("IJ").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant Song's petition for review, vacate the BIA's decision, and remand for a renewed credibility determination, *see Garrovillas v. INS*, 156 F.3d 1010, 1016 (9th Cir.1998).

Song argues that the IJ's adverse credibility determination is not supported by substantial evidence. We uphold an IJ's credibility determination "unless the evidence *compels* a contrary result." *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir.2007). "When the IJ denies asylum based 'on an adverse credibility determination, [s]he must provide specific, cogent reasons to support [her] determination ... [which] cannot be peripheral, but rather must go to the heart of petitioner's claim.'" *Id.* (quoting *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004)) (third alteration in original). We hold that the IJ based her adverse credibility determination on improper grounds.

The IJ's adverse credibility determination was based in part on the IJ's conclusion that Song provided new information on cross-examination that he did not discuss in direct examination. "[T]he mere omission of details is insufficient to uphold an adverse credibility finding." *Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000). Moreover, "a general response to questioning, followed by a more specific, consistent response to further questioning is not a cogent reason for supporting a

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

negative credibility finding." *Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004). Here, the IJ reprimanded Song during direct examination when he attempted to give additional detail in answers. It was improper for the IJ to find Song lacking in credibility because he later was permitted to give and gave greater, consistent detail on cross-examination.

■ The IJ also based her adverse credibility determination in part on her conclusion that inconsistencies existed between Song's oral testimony at the merits hearing and the written declaration that he submitted with his asylum application. The IJ erred in basing the adverse credibility determination on Song's use of the word "van" in his oral testimony but "car" in his written declaration because the type of vehicle used by Chinese police to escort Song from a political demonstration to jail is a minor detail that does not go to the heart of his asylum claim. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003).[2] The IJ also found Song's oral testimony to be inconsistent with his written declaration because Song failed to testify, as he had written in his declaration, that he and his fellow student protestors put up posters during a 1989 demonstration. Song's failure at the merits hearing to elaborate on the events involved in the 1989 demonstration to the same extent that he did in his written declaration is not an inconsistency in his statements, and it cannot be used by the IJ to support an adverse credibility determination. *See Bandari,* 227 F.3d at 1167.

The administrative record does not support the IJ's conclusion that nonpolitical discrepancies existed between Song's statements during the two airport interviews.

■ Given that each of the reasons proffered by the IJ to support an adverse credibility determination fails, the IJ erred in construing Song's sister's absence as a witness during the merits hearing as supporting an adverse credibility determination. *See Kaur,* 379 F.3d at 890 (concluding that corroboration is not required where each of the grounds identified by the IJ to support an adverse credibility finding fails).

We hold that the record does not support the IJ's adverse credibility determination, and we therefore vacate the credibility finding. *See Garrovillas,* 156 F.3d at 1016. "On remand, if the BIA concludes that [Song's] testimony is not credible, it must articulate with specificity any inconsistencies or evasions it finds in his testimony, must address in a reasoned manner the explanations that [he] offers for the perceived inconsistencies or evasions, and must take expressly into consideration" the IJ's demands at the merits hearing that Song answer only the questions asked of him and provide no additional detail. *Id.*

**PETITION FOR REVIEW GRANTED.**

W. FLETCHER, dissenting.

I would deny the petition for review. In my view, the Immigration Judge's adverse credibility determination was supported by substantial evidence. The record contains transcripts of two airport interviews. One was conducted in Mandarin, the other in English; petitioner is fluent in English.

---

**2.** Both "car" and "van" come from the same Mandarin root word—"chē." *See* Mandarin–English Dictionary, http://www.1jn.com/chinese/chieng.html. Song testified at the merits hearing through a translator, and it is possible that the use of the two words is a result of translation error, which cannot support an adverse credibility determination. *See Mendoza Manimbao,* 329 F.3d at 662.

At neither of these interviews did petitioner mention the 1989 political activity and persecution upon which he relied at his asylum hearing before the IJ. Further, according to petitioner, his older sister was in China in 1989. She was in Los Angeles at the time of petitioner's asylum hearing in that city and thus could easily have come to corroborate his testimony, but she did not do so.