**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LI JUN SONG,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 08-73864<br><br>Agency No. A077-292-832<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 4, 2010
Pasadena, California

Before: CLIFTON and BYBEE, Circuit Judges, and KORMAN, District Judge.[**]

Li Jun Song, a native and citizen of China, petitions for review of a decision

by the Board of Immigration Appeals. In that decision, which followed a remand

from this court, the BIA again dismissed petitioner's appeal from a decision of an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Immigration Judge ordering his removal and denying his applications for asylum and withholding of removal.  We deny the petition.

The denial of petitioner's application was primarily based on an adverse credibility determination.  In our prior decision, we held that the adverse credibility determination previously made by the IJ and affirmed by the BIA was based on improper grounds, but we did not preclude the BIA from again concluding that petitioner was not credible if it could better justify and explain that conclusion. *See Li Jun Song v. Mukasey*, 279 Fed.Appx. 460 (9th Cir. 2008) (unpublished).

In again affirming the IJ's adverse credibility finding on remand, the BIA primarily relied upon Song's inconsistent explanations for his purported fear of returning to China.  The BIA specifically noted that upon his arrival in the United States, Song failed "to mention any of the facts central to his subsequent asylum claim in his statements to immigration officials."  He did not tell immigration officials at the airport about political activities in China and failed to assert any fear of returning to China based on his political activities or beliefs, though that was the argument he later made.  To the contrary, he asserted under oath that he was not political and explained that his fear of returning to China was based on the behavior of his travel companion on the plane when traveling to the United States. Song's explanation that at the time of the false statements he had been nervous and

2

feared that an interpreter at one of the interviews worked for the Chinese government was rejected by the BIA, which observed that the interpreter in question was present at only one of the airport interviews.

Song argues that the Ninth Circuit has "hesitate[d] to view statements given during airport interviews as valuable impeachment sources because of the conditions under which they are taken and because a newly-arriving alien cannot be expected to divulge every detail of the persecution he or she sustained." *Li v. Ashcroft,* 378 F.3d 959, 962-63 (9th Cir. 2004). However, this observation does not mean that everything said at airport interviews must be disregarded. Indeed, in *Li*, we denied a petition for review and sustained an adverse credibility determination when Li, who sought asylum based on past political persecution, had affirmatively denied at an airport interview any mistreatment by the Chinese government and had offered a non-political reason for leaving China. *See id.* at 963-64. Like that petitioner, Song did not simply omit details during his airport interviews but told an entirely different story. As in *Li*, that provides a basis for an adverse credibility determination.

It is true that the IJ's explanation for the original adverse credibility determination included grounds that could not properly support that finding. Our court so concluded the first time we considered Song's case. But on remand the

3

BIA limited and better explained the basis for its decision, as our prior decision permitted. "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. I.N.S.*, 352 F.3d 1250, 1259 (9th Cir. 2003).

**PETITION DENIED.**